# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

**PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Avie Hugh Jones**

Case Number: **2:22CR00251**

Name of Sentencing Judicial Officer: **Honorable Dolly M. Gee**

Date of Original Sentence: **December 8, 2021**

Original Offense: **Conspiracy to Commit Bank Fraud**

Original Sentence: **6 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **September 2, 2022**

Date Jurisdiction Transferred to District of Nevada: **November 10, 2022**

Name of Assigned Judicial Officer: **Honorable Gloria M. Navarro**

**PETITIONING THE COURT**

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Commit Another Crime (Mandatory)** - You must not commit another federal, state or local crime.

   On March 15, 2024, Jones was arrested for the charge of Prohibited Person in Possession of a Firearm, in violation of NRS 202.360; a felony charge. The case number for this case is 24CR022110, a status check is set for March 19, 2024, in the Las Vegas Justice Court.

RE: Avie Hugh Jones

Prob12C
D/NV Form
Rev. March 2017

The above charge stems from an investigation commencing on October 12, 2022, with the Las Vegas Metropolitan Police Department (LVMPD) when gang officers were patrolling on the strip due to a rise in homicide cases. Officers observed a Mercedes Benze conduct a turn without a turn signal; a traffic stop was initiated. As officers were approaching the vehicle, the occupants of the car were asked to roll down their windows due to the dark tint and not being able to see into the vehicle. Officers immediately noticed a tan handgun and a black handgun located in the cup holder of the vehicle; both occupants were asked to exit the vehicle. The driver was identified as Tionna Owens and the passenger was identified as Avie Jones. Owens advised the guns belonged to her and that she purchased them after being robbed. Jones confirmed the firearms were not his, but advised he did manipulate the firearms. A records check revealed that Jones was a felon and currently on Federal Supervision.

Jones was not arrested on these charges until March 15, 2024, due to pending DNA results which were a match for Jones.

2. **Do Not Unlawfully Use Controlled Substance (Mandatory)** - You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

   A. Jones failed to submit required drug/alcohol tests on the following dates:

   November 5, 2022
   December 14, 2022
   December 22, 2022
   January 2, 2023
   February 6, 2023
   February 9, 2023
   March 7, 2023
   April 25, 2023
   July 22, 2023
   July 25, 2023
   August 18, 2023
   September 23, 2023
   December 11, 2023
   January 12, 2024
   January 16, 2024
   February 9, 2024
   February 13, 2024
   February 24, 2024
   March 2, 2024

RE: Avie Hugh Jones

Prob12C
D/NV Form
Rev. March 2017

    B. Jones submitted drug tests that yielded positive results for marijuana on the following dates. All tests were confirmed positive the National Laboratory:

    September 12, 2022
    November 8, 2022
    November 15, 2022
    November 18, 2022
    November 27, 2022
    January 4, 2023
    January 11, 2023
    January 24, 2023
    February 1, 2023
    February 10, 2023
    February 13, 2023
    February 20, 2023
    March 6, 2023
    March 9, 2023
    March 15, 2023
    March 23, 2023

    C. Jones submitted a drug test that yielded a positive result for benzodiazepines on September 12, 2022. This test was confirmed positive by the National Laboratory.

    D. Jones admitted in writing to the use of marijuana on November 8, 2022, and again on March 4, 2023.

3. **Restitution (Mandatory)** You must make restitution in accordance with 18 U.S.C. §§ 3663 or 3663A or any other statute authorizing a sentence of restitution. (Supervised Release cases only)

Jones was ordered to pay restitution in the amount of $350,656.57. On April 3, 2023, Jones signed a payment plan agreeing to make monthly restitution payments in the amount of $190.00. Jones last payment was on September 28, 2022, and has only paid $180.00 in restitution to date.

4. **Must Report As Instructed (Standard)** - After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

Jones has failed to submit monthly reports since September 2022.

RE: Avie Hugh Jones

Prob12C
D/NV Form
Rev. March 2017

5. **Debt Obligations (Special)** – As directed by the Probation Officer, the defendant must provide to the Probation Officer; (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

Through a routine credit check as authorized by the above condition, it was discovered that Jones opened a line of credit on March 10, 2024, in the amount of $200.00. According to the credit report, Jones has not acquired any charges on the account to date. Jones did not have permission to open any lines of credit.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **March 18, 2024**

Brianna King
Digitally signed by Brianna King
Date: 2024.03.20 10:51:19 -07'00'

Brianna King
United States Probation Officer

Approved:

Digitally signed by Brian Blevin
Date: 2024.03.19 14:33:30 -07'00'

Brian Blevins
Supervisory United States Probation Officer

RE: Avie Hugh Jones

Prob12C
D/NV Form
Rev. March 2017

## THE COURT ORDERS

☐ No Action.
☒ The issuance of a warrant.
☐ The issuance of a summons.
☐ Other:

_____
Signature of Judicial Officer

___March 20, 2024___
Date

RE: Avie Hugh Jones

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. AVIE HUGH JONES, 2:22CR00251

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### March 18, 2024

On December 8, 2021, Jones was sentenced in the Central District of California to six months custody, followed by three years of supervised release for committing the offense of Conspiracy to Commit Bank Fraud. Supervised release commenced on September 2, 2022, in the District of Nevada. On November 10, 2022, Jurisdiction was accepted in the District of Nevada.

Shortly after commencement of supervised release, Jones became the subject of the above investigation and was not formally charged until March 15, 2024. DNA from the firearms came back as a match to Jones indicating he handled the firearms. A status check is set for filing of criminal complaint on March 19, 2024, in the Las Vegas Justice Court.

As noted above, Jones submitted numerous drug tests that yielded positive results for marijuana. Jones admitted in writing to using marijuana on November 8, 2022, and again on March 9, 2023. Jones was referred to substance abuse treatment to address his substance abuse addiction. He successfully completed substance abuse treatment on June 6, 2023. Jones has not submitted additional drug tests that yielded positive results for illegal substances. Unfortunately, Jones continually fails to submit required drug tests as noted above. In total, Jones has failed to submit nineteen required drug tests while on supervised release to date. While Jones has made up some of the missed drug tests, he continues to miss drug tests despite the undersigned officer attempting to work with him throughout the duration of his supervised release.

Jones was ordered to pay restitution in the amount of $350,656.57. A payment plan was set in the amount of $190.00 to be paid monthly. Jones has failed to make any payments towards restitution since September 28, 2022. Additionally, Jones has only paid $180.00 to date.

Jones has failed to submit monthly report forms as required since September 2022.

Through a routine credit check as authorized by the above condition, it was discovered that Jones opened a line of credit on March 10, 2024, in the amount of $200.00. According to the credit report, Jones has not acquired any charges on the account to date. Jones did not have permission to open any lines of credit.

**RE: Avie Hugh Jones**

Prob12C
D/NV Form
Rev. March 2017

**Please see the below conviction for the Courts review:**

10/11/2017
(Age 27)
602(m) PC:
Trespassing (Ct. 2)
(misd.)/
LACSC;
Docket No.:
8TR00229

Jones has maintained a stable residence and stable employment for the duration of his supervised release. Unfortunately, Jones continues to violation his conditions despite the undersigned officer's attempts to work with him and despite the resources afforded to him. Jones' violation conduction ranges from technical violations to new criminal charges. It is respectfully requested that a warrant be issued to initiate revocation proceedings.

Respectfully submitted,

Brianna King
Digitally signed by Brianna King
Date: 2024.03.20 10:52:15 -07'00'

Brianna King
United States Probation Officer

Approved:

Digitally signed by Brian Blevin
Date: 2024.03.19 14:34:17 -07'00'

Brian Blevins
Supervisory United States Probation Officer

**United States District Court**
**Central District of California**

JS-3

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | CR 20-451-DMG |
| **Defendant** | AVIE HUGH JONES | **Social Security No.** | 9 7 6 0 |
| akas: | Amore Jones; Cooley Jones | (Last 4 digits) | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| DEC | 8 | 2021 |

**COUNSEL**  Robert M. Bernstein, Appointed.
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
*Conspiracy to Commit Bank Fraud in violation of Title* 18 U.S.C. §§ 1344, 1349 *as charged in Count 1 of the Indictment.*

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **SIX (6) MONTHS**.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay a fine and is not likely to become able to pay any fine in addition to restitution.

It is ordered that the defendant shall pay restitution in the total amount of $350,656.57 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Bank of America | $78.225.60 |
| Wells Fargo | $144,276.04 |
| U.S. Bank | $128,154.93 |

The Court finds from a consideration of the record that the defendant's economic circumstances allow for restitution payments pursuant to the following schedule: Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $50, whichever is greater, shall be made during the period of supervised release and shall begin 90 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for immediate payment of the amount ordered.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in the judgment.

The defendant shall be held jointly and severally liable with codefendants Kamiron Bradley, Steven Amos, Joseph McSweaney, Zadiany Garcia, and Cornell Stephen for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss

| | | | |
|---|---|---|---|
| USA vs. | AVIE HUGH JONES | Docket No.: | CR 20-451-DMG |

and the defendant's liability for restitution ceases if and when the victims receive full restitution.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with Second Amended General Order No. 20-04.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

The defendant shall be placed on supervised release for a term of THREE (3) YEARS under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order No. 20-04.

2. The defendant shall not commit any violation of federal, state, or local law or ordinance.

3. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

6. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

7. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

8. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation & Pretrial Services Office.

9. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

10. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments, and any other financial gains to the Court-ordered financial obligation.

11. The defendant shall submit defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

The Court authorizes the U.S. Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

| | |
|---|---|
| USA vs. AVIE HUGH JONES | Docket No.: CR 20-451-DMG |

    It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons by noon on March 8, 2022. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the First Street U.S. Courthouse 350 W. First Street, Suite 3001, Los Angeles, CA 90012.

    The bond will be exonerated upon surrender as to this defendant.

    The Court dismisses all remaining counts of the underlying indictment as to this defendant.

    The Court recommends that the defendant be assigned to a federal correctional facility in the Southern California area.

    The Court informs the defendant of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| December 13, 2021 | /s/ Dolly M. Gee |
| Date | Dolly M. Gee, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                            Clerk, U.S. District Court

| | | |
|---|---|---|
| December 13, 2021 | By | /s/ Kane Tien |
| Filed Date | | Deputy Clerk |

| USA vs. AVIE HUGH JONES | Docket No.: CR 20-451-DMG |
|---|---|

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| USA vs. | AVIE HUGH JONES | Docket No.: | CR 20-451-DMG |
|---|---|---|---|

[X] The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to theProbation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | AVIE HUGH JONES | Docket No.: | CR 20-451-DMG |
|---|---|---|---|

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date                        Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date                  Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      _____
         Defendant                     Date

_____                 _____
U. S. Probation Officer/Designated Witness    Date